

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PS:DAL
F.#2011R00124

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 20, 2012

BY ECF & Hand

The Honorable Frederic Block
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Kyle John
            Criminal Docket No. 11-235 (FB)

Dear Judge Block:

      The government respectfully submits this letter in advance of sentencing in the above-captioned case, scheduled for July 24, 2012.  On March 31, 2011, the defendant pleaded guilty, pursuant to a plea agreement, to the sole count of an Information charging him with conspiracy to import heroin in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A).  The offense arises from the defendant's participation in a conspiracy to import more than one kilogram of heroin into the United States during the period November 2010 to January 2011. For the reasons set forth below, the government submits that the defendant should receive a sentence of imprisonment within the applicable Guidelines range of 37 to 46 months.

      The government agrees with the offense-conduct description and Guidelines calculation set out in the February 10, 2012 Presentence Investigation Report ("PSR").  The PSR finds that the applicable Guidelines range is 37 to 46 months' imprisonment, based on a total offense level of 21 and a criminal history category of I.  As noted in the PSR, the defendant has qualified for the "safety valve" under U.S.S.G. § 2D1.1(b)(16) and 18 U.S.C. § 3553(f), and thus is not subject to

the mandatory minimum sentence otherwise required by 18 U.S.C. § 960(b)(1)(A).

The government respectfully submits that a sentence below the Guidelines, as requested by the defendant in his April 6, 2012 letter, would not adequately address the goals of sentencing set out in 18 U.S.C. § 3553(a).  The defendant twice agreed to help his co-defendant Rudolph Clarke smuggle narcotics from St. Maarten to Bermuda by way of New York, and succeeded in doing so in December 2010 in return for $10,000.  (PSR ¶ 5). Moreover, after the government confronted the defendant with the fact that he had made a third trip to St. Maarten in 2008, the defendant acknowledged that he had, on that occasion, been paid to smuggle money out of Bermuda.[1]  The government thus submits that the defendant's conduct is not an isolated instance of poor judgment, but rather is part of a pattern of criminal activity and reflects a willingness to flout the law for personal gain.  For these reasons, the period of incarceration called for by the Guidelines is necessary to deter future wrongdoing by the defendant, reflect the seriousness of the offense and promote respect for the law.  See 18 U.S.C. §§ 3553(a)(2)(A)&(B).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

By:  /s/_____
     Darren A. LaVerne
     Assistant U.S. Attorney
     (718) 254-6783

cc:  U.S.P.O. Erin Stewart (By Email)

---

[1] During meetings with the government, the defendant advised that he had been recruited to smuggle money to St. Maarten by the same individual who had introduced him to Clarke.

2